The appeal of this matter was originally scheduled to be heard before the Full Commission in July 1999 but was continued at the request of Radio Station WGSE so that it could obtain other counsel. On the morning of December 1, 1999, Gwendolyn Burrelle requested another continuance. After oral argument in favor of a continuance by Ms. Burrelle and opposing it by Stephen Gheen of the Attorney General's Office, the Full Commission in open session denied the motion for continuance. No Form 44, Brief or oral argument was offered in support of the appeal from the November 16, 1998, Order of Deputy Commissioner Hedrick.
 * * * * * * * * * * *
The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order.
 * * * * * * * * * * *
Based upon all of the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all times relevant to the hearing in this case, defendant was a corporate entity, regularly conducting business in the State of North Carolina.
2. From 12 March 1994 through 30 May 1995, defendant regularly employed three or more employees in North Carolina.
3. From 12 March 1994 through 30 May 1995, defendant did not have in effect a policy of workers' compensation insurance covering its employees as required by N.C. Gen.Stat. § 97-93.
4. Beginning 31 May 1995 and continuing through 31 May 1996, defendant had in effect a policy of workers' compensation insurance in compliance with N.C. Gen. Stat. § 97-93.
5. An employee of defendant sustained an injury by accident arising out of and in the course of his employment with defendant on 12 March 1994.
6. The employee presently has a claim pending before the Industrial Commission for payment of disability and medical compensation.
7. There is no evidence of record the defendant maintained a policy of workers' compensation insurance after 31 May 1996.
8. In investigating defendant's compliance with G.S. § 97-93, the Industrial Commission incurred cost of $21.00 for copies of records from the Secretary of State and the Employment Security Commission.
9. Defendant received proper notice of the hearing.
 * * * * * * * * * * *
Based upon the foregoing, the Full Commission enters the following additional:
 CONCLUSIONS OF LAW
1. From 12 March 1994 through 30 May 1995, defendant regularly employed three or more employees in the State of North Carolina.
2. From 12 March 1994 through 30 May 1995, defendant was subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. From 12 March 1994 through 30 May 1995, a period of 445 days, defendant failed to have in effect a policy of workers' compensation insurance covering its employees as required by N.C. Gen. Stat. § 97-93.
4. For its failure to comply with N.C. Gen. Stat. § 97-93, the minimum penalty that may be assessed is $50.00 per day for each day defendant failed to comply with N.C. Gen. Stat. § 97-93. N.C. Gen. Stat. § 97-94.
5. An appropriate penalty under N.C. Gen. Stat. § 97-94
under the facts of this case is $22,250.00.
6. The Industrial Commission is entitled to payment of $150.00 in costs for the hearing and $21.00 in costs for copies of the records produced by the Secretary of State and the Employment Security Commission.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. For failing to comply with N.C. Gen. Stat. § 97-93 from 12 March 1994 through 30 May 1995, defendant shall pay the sum of $22,250.00 to the State of North Carolina within 30 days of the date of this Order.
2. Defendant shall pay the sum of $171.00 to the Industrial Commission for the cost incurred. This amount shall be paid within 30 days of the date of this order.
Defendant shall pay the costs.
This 11th day of January 2000.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER